# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY AUSBORN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:25-cv-01300-SKO<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER**<br><br>(Doc. 11) |

    Plaintiff Randy Ausborn is a state prisoner proceeding pro se and *in forma pauperis*. (Docs. 8, 10.) Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, (*see* Doc. 10), and on November 6, 2025, Plaintiff filed what was docketed as a "Motion for a Protective Order" (the "motion"). (Doc. 11.) While some of the motion is illegible, the Court understands Plaintiff to be making the following request: "I ask this from the Court to get me a body cam and a protective order be on CDCR." (*Id.* at 2.)

    Starting with Plaintiff's request for a "body cam," the Court finds that Plaintiff has identified no authority that would authorize this Court to grant his request. Therefore, the Court cannot grant Plaintiff's request for a "body cam."

    Turning to Plaintiff's request for a protective order, Federal Rule of Civil Procedure

26(c)(1) provides the circumstances under which a court may issue a such an order.[1] Rule 26(c)(1) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> 
> A. forbidding the disclosure or discovery;
> 
> B. specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> 
> C. prescribing a discovery method other than the one selected by the party seeking discovery;
> 
> D. forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> 
> E. designating the persons who may be present while the discovery is conducted;
> 
> F. requiring that a deposition be sealed and opened only on court order;
> 
> G. requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> 
> H. requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

The language of Rule 26 makes it clear that the power of this Court to issue a protective order is limited to instances in which discovery has been requested by the party seeking a protective order. Here, Plaintiff's complaint has not been screened—a procedure required for all prisoner complaints.[2] (*See* Docket.) Because Plaintiff's complaint has not been screened, it has not been served on Defendants which means discovery has not commenced. Accordingly, any motion for a protective order is premature and will be denied without prejudice.

Once discovery commences, if Plaintiff believes a protective order is necessary, he must first attempt to come to an agreement with Defendants as to the scope of the order and should not move

---

[1] Insofar as Plaintiff seeks some other form of relief other than a protective order under Rule 26, Plaintiff should file separate motion(s) specifically requesting that relief and explaining why he believes he is entitled to that relief.

[2] *See* 28 U.S.C. § 1915A(a); *see also* Doc. 2 at 3–4 (First Informational Order in Prisoner/Civil Detainee Civil Rights Case). This Court is one of the busiest district courts in the nation. All judges carry heavy caseloads and delays are inevitable. Plaintiff's signed complaint filed November 6, 2025, will be screened in due course.

for a protective order until there are documents or testimony at issue that would require the issuance of a protective order. *See Morgan v. Sacramento Cnty. Dep't of Health Serv.*, No. 2:19-CV-1600 CKD P, 2020 WL 3058089, at *6 (E.D. Cal. June 9, 2020).

For the foregoing reasons, Plaintiff's motion for a protective order is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **December 2, 2025**          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE