UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RANDY AUSBORN,

          Plaintiff,

   v.

DEPARTMENT OF CORRECTIONS
AND REHABILITATION, et al.,

          Defendants.

1:25-cv-01300-EGC (PC)

**ORDER DENYING SECOND MOTION FOR PROTECTIVE ORDER**

(Doc. 13)

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. section 1983.

**I.      INTRODUCTION**

Plaintiff filed a signed complaint on November 6, 2025. (Doc. 10.) That same date, Plaintiff filed a motion for protective order. (Doc. 11.)

On December 3, 2025, the previously assigned magistrate judge issued an order denying Plaintiff's motion for protective order. (Doc. 13.)

On December 15, 2025,[1] Plaintiff filed a document titled "Motion for Emergency Temporary Protective Order." (Doc. 13.)

//

//

---

[1] The filing was signed and dated December 10, 2025. (Doc. 13 at 8.)

1

**II.    DISCUSSION**

A review of Plaintiff's second motion for a protective order reveals it is repetitive of his earlier motion.

In ruling on Plaintiff's original motion, the previously assigned magistrate judge initially determined that Plaintiff's request for a "body cam" was improper as Plaintiff "identified no authority that would authorize this Court to grant his request." (Doc. 12 at 1.) Next, after citing Rule 26(c)(1) of the Federal Rules of Civil Procedure, the magistrate judge found that the "power of this Court to issue a protective order is limited to instances in which discovery has been requested by a party seeking a protective order," and that because Plaintiff's complaint had not yet been screened, "it had not been served on Defendants which means discovery has not yet commenced." (*Id*. at 2.) The Court explained that "[o]nce discovery commences, if Plaintiff believes a protective order is necessary, he must first attempt to come to an agreement with Defendants … and should not move for a protective order until there are documents or testimony at issue that would require the issuance of a protective order." (*Id*. at 2-3.) Plaintiff's motion was thus premature and was denied without prejudice. (*Id*.)

Like the first motion, Plaintiff second motion seeks a "body cam" and a protective order. As before, the Court is not authorized to grant Plaintiff's request for a "body cam." And, as before, no Defendants have been served in this action and thus discovery has not yet commenced. Further, Plaintiff's complaint filed November 6, 2025, remains pending screening.[2] Therefore, Plaintiff's second motion will be denied for the same reasons his first motion was denied.

Plaintiff is advised that this Court is one of the busiest district courts in the nation. All judges carry heavy caseloads and dozens of pro se prisoner complaints await screening. Delays, while unfortunate, are inevitable. Plaintiff's complaint will be screened in due course. Until screening has been completed, any motion for a protective order is premature and will be summarily denied.

---

[2] Screening of prisoner civil rights complaints is required pursuant to 28 U.S.C. section 1915A(a).

2

### III.    CONCLUSION AND ORDER

Accordingly, for the reasons stated above, Plaintiff's motion for a protective order (Doc. 13) is **DENIED**. Plaintiff's complaint will be screened in due course.

IT IS SO ORDERED.

Dated:    **June 10, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

3